26 P.3d 1190

Daniel J. BANALES, Plaintiff/Appellant,

v.

Keri SMITH, nka Keri Robinson,
Defendant/Appellee.

No. 2 CA–CV 00–0169.

Court of Appeals of Arizona,
Division 2, Department B.

July 19, 2001.

Emily Danies, Tucson, for plaintiff/appellant.

Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C., by Erika L. Cossitt, Patricia Ann Green, Tucson, for defendant/appellee.

## OPINION

HOWARD, Presiding J.

¶ 1 Appellant, Daniel Banales, appeals from the trial court's decree granting appellee, Keri Robinson, custody of their daughter and visitation rights to Daniel. Daniel argues the trial court erred by failing to consider a necessary child custody factor and make an express finding on it as required by A.R.S. § 25–403.[1] Because Daniel failed to object in the trial court, we affirm.

¶ 2 After a series of disagreements over custody and visitation of their daughter, G., which culminated in a confrontation between the parties on September 28, 1997, Daniel filed a paternity complaint seeking formal custody of G. and a "turn-over" order. The court issued an order requiring Keri to give G. to Daniel "during specific time periods." After Keri moved to dissolve the order, the court quashed it and entered a temporary visitation schedule pursuant to the parties' stipulation.

¶ 3 At the custody hearing, the court heard testimony from numerous witnesses, including the parties and expert witnesses. At the conclusion of the hearing, the court entered a detailed minute order containing findings of fact and conclusions of law and awarded sole legal and physical custody to Keri and visitation rights to Daniel. Daniel objected to the court's factual findings and conclusions of law and to the form of custody decree Keri had filed and moved for a new trial. The court overruled most of Daniel's objections and denied his motion for a new trial. The court then entered a formal decree and Daniel appealed.

¶ 4 Daniel argues that the trial court abused its discretion by not considering, in determining the best interests of the child, which parent will facilitate continuing contact with the other as required by § 25–403, which states: "The court shall determine custody, either originally or on petition for modification, in accordance with the best interests of the child. The court shall consider all relevant factors, including ... [w]hich parent is more likely to allow the child frequent and meaningful continuing contact with the other parent." § 25–403(A)(6). In a contested case, the court shall "make specific findings on the record about all relevant

---

1. In a separate memorandum decision, we reject Daniel's other issues, which do not merit publication. *See* Ariz.R.Civ.App.P. 28, 17B A.R.S.

factors and the reasons for which the decision is in the best interests of the child." § 25–403(J).

¶ 5 The trial court made numerous findings of fact that recounted various disputes between the parties concerning visitation. It also specifically found that the best interests of G. required that Keri have sole legal and physical custody of G. The court stated that it had considered various factors listed in § 25–403(A), but did not specifically include in its findings the sixth factor of which parent would facilitate continuing contact with the other. Nowhere in any of his objections or motions filed before the trial court did Daniel object to the court's omission of the sixth factor.

¶ 6 In *Trantor v. Fredrikson*, 179 Ariz. 299, 300–01, 878 P.2d 657, 658–59 (1994), our supreme court held that a party must have afforded the trial court and opposing counsel the opportunity to correct any asserted defects in order to contest on appeal the absence of a trial court's necessary findings of fact and conclusions of law. The court concluded that, "absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal." *Id.* at 300, 878 P.2d at 658. *See also In re Marriage of Pownall*, 197 Ariz. 577, ¶ 27, 5 P.3d 911, ¶ 27 (App.2000) (failure to object to lack of findings precludes resolution of issue on appeal); *Callanan v. Sun Lakes Homeowners' Ass'n No. 1, Inc.*, 134 Ariz. 332, 337, 656 P.2d 621, 626 (App.1982) (by failing to object to trial court, plaintiff "waived his right to urge the failure to [make certain requisite findings] as a basis for reversal"). Although none of these cases involves the findings required by § 25–403, we believe their reasoning and holdings are equally applicable in this context.

¶ 7 Here, the trial court was aware it must consider which parent would facilitate continuing contact. During trial, Keri objected to Daniel's proffer of a proposed settlement agreement that the parties had not executed. Daniel countered that it was relevant to show which party would facilitate continuing contact. The court overruled the objection, demonstrating that it knew that factor was relevant. Furthermore, the court's minute entry is detailed and includes numerous findings of fact and conclusions of law that shows the court made every attempt to comply with § 25–403 in considering the best interests of G. The possibility that the court did not consider this factor or that an express finding on the factor would have changed the result here seems remote.

¶ 8 Daniel raised numerous objections to the trial court's findings in his "Objections to Findings of Facts and Conclusions of Law" but failed to specifically object to the court's failure to expressly find which parent would facilitate visitation. Had he done so, the court could easily have entered the omitted finding, if the omission was a simple oversight, or it could have reconsidered its decision, taking into account that factor. Because Daniel was required to bring the lack of a finding to the attention of the trial court to preserve the issue, *see Trantor*, but failed to, he has waived the issue on appeal. *See Callanan.*

¶ 9 The judgment of the trial court is affirmed.

ESPINOSA, C.J. and DRUKE, J., concur.