NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JESSICA RYDER, *Petitioner/Appellant*,

*v.*

ERIC RYDER, *Respondent/Appellee*.

No. 1 CA-CV 13-0202
FILED 5-6-2014

Appeal from the Superior Court in Maricopa County
No. FC2009-090035
The Honorable Benjamin R. Norris, Judge

**REMANDED**

COUNSEL

Jessica Ryder, San Tan Valley
*Petitioner/Appellant In Propria Persona*

Eric Ryder, San Tan Valley
*Respondent/Appellee In Propria Persona*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

**G E M M I L L,** Judge:

¶1          This is an appeal from a family court ruling altering parenting time and child support.  For the following reasons, we vacate the family court's parenting time and child support rulings and remand to the Honorable Benjamin R. Norris for additional findings and further proceedings as appropriate.

## BACKGROUND

¶2          Appellant ("Mother") and Appellee ("Father") have one child.  After several years of marriage, Mother filed for divorce in early 2009.  In March 2009, the court adopted a parenting plan appointing Mother as the primary custodial parent.  Father was given parenting time every other weekend and shared holidays.  The court ordered Father to pay $421.07 per month in child support plus $100 per month to satisfy $15,158.52 in arrears.

¶3          In May 2012, Mother filed a petition to modify child support.  In September 2012, Father filed a petition to modify parenting time and child support coupled with a request to consolidate his petition for consideration with Mother's child support petition.  Father claimed that the current parenting time plan did not provide the kind of parent-child relationship or meaningful contact that he desired.  Father requested a 5-2-2-5 parenting plan as well as a modification to child support to reflect his increased time.  The family court granted Father's request to consolidate the petitions and set an evidentiary hearing for January 2013.

¶4          During the evidentiary hearing, Mother said that although she was not opposed to allowing Father more time, she either wanted to keep the current parenting agreement or allow Father only one extra day per week with daughter.  Mother said that she believed the current schedule was fair and that it provided Father with frequent, meaningful, and continuing contact.  Mother said that Father spent quality time with their daughter and did not believe he was a bad father for any reason.  Mother also said that Father was not using all of the days available to him under the current parenting schedule.  Mother acknowledged, however, that Father was consistently exercising parenting time every other weekend.  Father testified that he believed it would be in the child's best interest to have a 5-2-2-5 schedule because it would allow them to spend more time together and have more bonding time.  Father did not believe it would be disruptive for the child to transition to the 5-2-2-5 schedule.

¶5        After considering the testimony of Mother, Father, and Father's wife, the court ordered parenting time on a 5-2-2-5 schedule as well as week-on/week-off summer parenting time.  The court also ordered detailed communication requirements.  The court incorporated and adopted the Child Support Worksheet and ordered a reduction in Father's child support payments to $229.59 per month starting in June 2012, the month after Mother filed her original petition to modify child support.

¶6        Mother timely appeals, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

**ANALYSIS**

¶7        Mother raises three arguments on appeal: (1) the family court failed to make specific findings of fact and reasons for awarding a change in physical custody as required by A.R.S. § 25-403(B); (2) Father did not provide sufficient evidence to show a change in circumstances that would make modification of physical custody in the child's best interest; and (3) the family court erred in backdating the modified child support payments to June 2012 because between that time and the ruling the child was in her primary care.  Because we remand based on Mother's first argument, we do not reach her other arguments.[1]

I.        **Mother Did Not Waive Her Right to Appeal by Failing to Request Specific Findings**

---

[1] In regard to Mother's argument challenging the effective date of a new child support order, however, we note that A.R.S. § 25-503(E) states in its relevant part:

> Any order for child support may be modified or terminated on a showing of changed circumstance that is substantial and continuing . . . Modification and termination are effective on the first day of the month following notice of the petition for modification or termination unless the court, for good cause shown, orders the change to become effective at a different date, but not earlier than the date of filing the petition for modification or termination.

¶8        Mother argues that A.R.S. § 25-403(B) requires the family court to set forth its specific findings on the factors set forth in A.R.S. § 25-403(A) and its reasons supporting its decisions.  Father responds that Mother waived her right to assert deficient findings on appeal because she failed to file a written request with the court for formal findings of fact and conclusions of law.  The requirement of specific findings by the court in this situation, however, arises from A.R.S. § 25-403(B), not from a litigant's request for findings of fact and conclusions of law.

¶9        Father additionally cites *Trantor v. Fredrickson*, 179 Ariz. 299, 878 P.2d 657 (1994), to support his argument that mother waived her right to appeal on this basis.  *Trantor*, however, did not create an absolute rule of waiver.  *See id.* at 300, 878 P.2d at 658 (holding "*absent extraordinary circumstances*, errors not raised in the trial court cannot be raised on appeal.") (emphasis added).  We decline to apply *Trantor* and find no waiver because the issues in this case turn on the best interests of a child.  *See Reid v. Reid*, 222 Ariz. 204, 209-10, ¶ 20, 213 P.3d 353, 358-359 (App. 2009) (declining to find waiver because the most important issue in custody disputes is a child's best interests).

¶10        The *Reid* court noted that had the family court "substantially complied" with the statute, the appellate court would have been able to perform a reasonable review.  *Id.* at 208, ¶ 16, 213 P.3d at 357 (distinguishing the immediate facts from those in *Banales v. Smith*, 200 Ariz. 419, 26 P.3d 1190 (App. 2001)).  Similarly, had the family court here made findings addressing the A.R.S. § 25-403 factors and the court's consideration of the child's best interests, as did the family court in *Banales*, we would be in a position to reasonably perform an appellate review.  *See Banales*, 200 Ariz at 420, ¶ 7, 26 P.3d at 1191.  No such discussion by the family court appears on this record, however.  As such, this record is more analogous to *Reid* and we cannot appropriately discern either the family court's analysis or evaluation of the § 25-403 factors, which precludes reasonable appellate review of the family court's decision.  *See Reid*, 222 Ariz. at 207, ¶ 13, 213 P.3d at 356 (noting the inadequacy of a family court's conclusion that it was in child's best interest that mother retain custody without explaining why or which factors influenced its decision).  For these reasons, we conclude that Mother did not waive her right on appeal to challenge the sufficiency of the court's findings.  We proceed then to the merits of Mother's first claim.

## II. The Family Court Erred by Not Making Specific Findings of Fact on the Record Regarding Relevant Factors and the Best Interest Determination.

¶11　　　In a contested parenting time case, A.R.S. § 25-403(B) provides that "the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." This court has previously held that an order failing to do so is deficient as a matter of law and may constitute reversible error. *In re Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 5, 38 P.3d 1189, 1191 (App. 2002); *see also Owen v. Blackhawk*, 206 Ariz. 418, 420-421, ¶ 8, 79 P.3d 667, 669-70 (App. 2003) (holding that even though the family court referenced A.R.S. § 25-403, it erred because it did not elaborate on how it weighed any of the factors).

¶12　　　In this case the family court summarized witness testimony and then "[b]ased on the foregoing" provided its conclusions. The family court did not, however, reference A.R.S. § 25-403 or any of its listed factors, and neither did the court explain its reasoning. The family court erred by not complying with § 25-403, and we are unable to perform an appropriate appellate review. Accordingly, we will vacate the family court's parenting time and related child support rulings and remand to the Honorable Benjamin R. Norris for additional findings in accordance with A.R.S. § 25-403(B). The family court also has discretion to determine whether additional proceedings are necessary.

## III. Request for Costs of Appeal

¶13　　　Although Mother did not retain an attorney, she requests that her costs be paid by the Appellee. Mother is awarded her taxable costs on appeal under A.R.S. § 12-342.

## CONCLUSION

**¶14**        We vacate the family court's parenting time and child support orders and remand to the Honorable Benjamin R. Norris for additional findings on the record in accordance with A.R.S. § 25-403(B) and for any further proceedings or rulings as may be appropriate.



Ruth A. Willingham · Clerk of the Court
FILED: MJT