NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MICHAEL J. MANOLA, *Petitioner/Appellant*,

*v.*

NANCY E. ESPINOZA, *Respondent/Appellee*.

No. 1 CA-CV 13-0432
FILED 10-07-2014

Appeal from the Superior Court in Maricopa County
No.  FC2012-051478
The Honorable Douglas Gerlach, Judge

**REMANDED**

COUNSEL

Michael J. Manola, Tonopah
*Petitioner/Appellant*

Enholm & Salekin Law PLLC, Phoenix
By Lyle Salekin, Emi Koyama
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

J O N E S, Judge:

¶1        Appellant Michael J. Manola (Father) appeals the trial court's order regarding legal decision-making authority, parenting time, and child support relative to the parties' minor child, M.M.  He challenges the adequacy of the court's findings of fact and conclusions of law, the sufficiency of the evidence supporting its decision, and its calculation of child support.  Because the trial court failed to make statutorily mandated findings pursuant to Arizona Revised Statutes (A.R.S.) sections 25-320(D)[1] and -403(B), or adequately set forth its findings of fact and conclusions of law as required by Arizona Rule of Family Law Procedure 82(A), or provide specific findings regarding domestic violence required by A.R.S. § 25-403.03, we remand for further findings on the record.

## BACKGROUND

¶2        Father and Nancy E. Espinoza (Mother) are the parents of M.M., born December 21, 2011.  In April 2012, Father petitioned the trial court for orders regarding custody, parenting time, and child support. Father alleged Mother had committed "significant acts of domestic violence" against him, and therefore requested sole custody of M.M. with reasonable parenting time to Mother, in addition to an award of child support consistent with the Arizona Child Support Guidelines, A.R.S. § 25-320 app. § 3 (2011) (Guidelines).  Father simultaneously petitioned the court for an order of protection against Mother and temporary orders awarding him sole legal custody.  Both requests were granted.

¶3        Following a contested hearing on the order of protection, the trial court affirmed its order, finding "by a preponderance of the evidence that there is reasonable cause to believe that [Mother] has committed an act of domestic violence within the last year . . . or may commit an act of

---

[1] Absent material revisions after the relevant dates, we cite the current version of the statutes and rules unless otherwise indicated.

domestic violence in the future." The trial court then held a separate hearing on the temporary orders, vacating its prior order awarding Father sole legal custody, and ordering shared physical custody of M.M. on a "week-on, week-off" basis. The trial court also ordered Mother undergo a psychological examination, and later confirmed a grant of joint legal custody. Mother responded to Father's petition, positing that joint legal and physical custody was in M.M.'s best interest and mirroring Father's request for child support orders consistent with the Guidelines.

¶4        Following a year-long period of discovery, an evidentiary hearing was held on the issues of custody, parenting time and child support, prior to which Father filed a timely request for findings of facts and conclusions of law pursuant to Arizona Rule of Family Law Procedure 82(A). Thereafter, the trial court issued its ruling, granting the parties joint legal decision-making authority, with Father having presumptive and final say in matters regarding healthcare, awarding essentially equal parenting time in a continuation of the "week-on, week-off" schedule, and denying the request for child support.

¶5        In entering legal decision-making orders, the trial court stated it "considered all factors that bear on the child's physical and emotional well-being, including those that appear in [A.R.S. §§ 25-403(A) and 25-403.01]" and "concluded that none of those factors weigh in favor of one parent over the other." The court identified two exceptions, finding first, that Mother had "some history of domestic violence," but it was "insufficient to establish that she should be denied decision-making authority." Second, the court acknowledged the parties shared joint decision-making authority for the last seven months, and "the child's best interest[s] have not been adversely affected." The court stated, however, the parties' inability to cooperate affected the child's health, making it necessary to award presumptive and final healthcare decision-making power to Father, because "at times, Mother has been inattentive to the child's needs." It offered no further explanation of the evidence or reasoning for these conclusions.

¶6        The trial court also stated, again without elaboration, that it "considered those matters to which reference is made in A.R.S. §§ 25-403(A)(11), 25-403.03, 25-403.04, and 25-403.05 that pertain, if at all, to either party . . ." and concluded that "no persuasive relevant evidence was presented sufficient to preclude the . . . award of [joint] legal decision-making authority." The court did not provide any detail as to the specific factors considered, the nature of the evidence presented by either party

regarding those factors, or its reasoning in finding that evidence unpersuasive.

**¶7**       Regarding parenting time orders, the trial court again stated it "considered all factors relevant to a parenting time plan that is appropriate in the circumstances here, including the factors identified above that pertain to legal decision-making authority and those factors that appear in A.R.S. § 25-403.02." Without further discussion, the court "concluded that the . . . parenting time plan is consistent with all relevant statutory factors given what is required to maximize what is in the child's best interests."

**¶8**       Finally, as to child support, the trial court explained its reasoning in attributing certain income to Father, as well as its decision not to include daycare expenses in the calculation. It did not address consideration of any other relevant factors, and made no express findings regarding the allowance or disregard of other statutory factors.

**¶9**       Father timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶10**       We will not disturb the trial court's custody or parenting time orders on appeal absent an abuse of discretion." *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11, 304 P.3d 1093, 1096 (App. 2013). We also review the child support award for an abuse of discretion. *Cummings v. Cummings*, 182 Ariz. 383, 385, 897 P.2d 685, 687 (App. 1994). A court abuses its discretion if the record lacks competent evidence supporting the trial court's decision, *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999), or the court made "an error of law in the process of exercising its discretion." *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2, 118 P.3d 621, 622 (App. 2005).

## I.    Sufficiency of Findings to Support Custody Determination

**¶11**       Father first challenges the sufficiency of the findings of facts and conclusions of law supporting the trial court's decision.

**¶12**       Arizona's public policy recognizes the best interests of the child as the primary consideration in awarding child custody. *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18, 67 P.3d 695, 698 (2003) ("We have repeatedly stressed that the child's best interest is paramount in custody determinations."). In making a custody determination, the court must

consider the factors enumerated in A.R.S. § 25–403(A) regarding the child's best interests. Among the factors the court must consider is "[w]hether there has been domestic violence or child abuse pursuant to § 25-403.03." A.R.S. § 25-403(A)(8). While not dispositive, a history of domestic violence carries substantial weight in custody determinations. A.R.S. § 25-403.03(B) ("The court shall consider evidence of domestic violence as being contrary to the best interests of the child. The court shall consider the safety and well-being of the child and of the victim of the act of domestic violence to be of *primary importance*.") (emphasis added).

¶13 Further, A.R.S. § 25–403(B) requires the trial court to consider certain factors, stating: "[i]n a contested legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." *See also* A.R.S. § 25-403.03(E) (setting forth additional factors to be considered in cases where domestic violence has occurred to determine whether a parent has rebutted the presumption provided in A.R.S. § 25-403.03(D) that sole or joint legal decision-making in favor of that parent who has committed the domestic violence is contrary to the child's best interests). The trial court is thus charged, even absent a party's request,[2] with providing both findings of fact and the reasons for its decision. A.R.S. § 25-403(B). The requirement for specific findings prompts judges, in these most delicate cases involving the well-being of children, to consider issues more carefully because "they are

_____

[2] This obligation for specific findings in custody determinations exists notwithstanding a timely request for findings of facts and conclusions of law pursuant to Arizona Rule of Family Law Procedure 82. These findings are mandatory, and not subject to waiver by the parties. *Nold*, 232 Ariz. at 272, ¶ 9, 304 P.3d at 1095 (declining to "apply the doctrine of waiver when the family court makes no findings on the record because to do so 'would inappropriately deprive the family court and all parties of the baseline information required for future petitions involving a child's or children's best interests'") (quoting *Reid v. Reid*, 222 Ariz. 204, 209, ¶ 19, 213 P.3d 353, 358 (App. 2009)). However, this Court emphasizes that it is the preferred practice to object to alleged deficiencies in findings of fact and conclusions of law with the trial court, and allow it the opportunity to augment its record and correct defects, prior to initiating an appeal. *Reid*, 222 Ariz. at 209, ¶ 19, 213 P.3d at 358 ("[W]e agree that Father should have raised this issue before the lower court, and doing so would have provided that court with a simpler, more expedient opportunity to remedy its lack of findings and perhaps reconsider its decision . . . .").

required to state not only the end results of their inquiry, but the process by which they reached it." *Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 299, 855 P.2d 1357, 1360 (1993) (citing *United States v. Merz*, 376 U.S. 192, 199 (1964)) (internal quotations omitted).

**¶14**　　　　We have previously held that a custody decision without the specific findings required by § 25–403 is deficient *per se*, and constitutes an abuse of the trial court's discretion as a matter of law. *In re Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 5, 38 P.3d 1189, 1191 (App. 2002); *see also Reid*, 222 Ariz. at 207, ¶ 13, 213 P.3d at 356 (remanding for factual findings where trial court provided no facts to support its determination of the best interest of the child, which was contrary to the recommendation of the court-appointed custody evaluator, and where order's language indicated the court may have considered other, unidentified factors, in addition to those listed in § 25-403(A), in making its decision); *Owen v. Blackhawk*, 206 Ariz. 418, 421-22, ¶ 12, 79 P.3d 667, 670-71 (App. 2003) (finding abuse of discretion where trial court provided factual findings as to only one statutory factor, which did not favor either parent, and did not provide sufficient explanation to allow the appellate court to evaluate whether the trial court focused too much on one factor to the exclusion of others); *cf. Banales v. Smith,* 200 Ariz. 419, 420, ¶¶ 7-8, 26 P.3d 1190, 1191 (App. 2001) (upholding decision of trial court supported by detailed minute entry order containing "numerous findings of fact and conclusions of law that show[ed] the court made every attempt to comply with § 25-403 in considering the best interests" of the child, where discussion of one single factor was omitted and alleged deficiency never raised at trial court level).

**¶15**　　　　Conclusory statements unsupported by factual reference or reasoning are insufficient to support a custody determination. *See Nold*, 232 Ariz. at 273, ¶ 14, 304 P.3d at 1096 (finding abuse of discretion where trial court adopted recommendation of custody evaluator but did not present any factual findings to support its conclusion that "no persuasive evidence established sound reasoning for deviating from [the recommendation]"); *Downs v. Scheffler*, 206 Ariz. 496, 500-01, ¶¶ 15, 19, 80 P.3d 775, 779-80 (App. 2003) (determining findings of fact were insufficient as a matter of law where trial court provided no factual support for its conclusions that grandmother failed to establish that continued custody with legal parent was detrimental to child, that it was in the child's best interests to remain with the legal parent, and that grandmother failed to rebut the presumption in favor of the legal parent).

**¶16**　　　　While the trial court cited to the appropriate statutes, and was presumably aware of both the existence of the best interest factors

and the need to provide detailed factual findings, it did not articulate any specific fact it considered to support its conclusion that joint legal decision-making was appropriate. The absence of written findings pursuant to A.R.S. § 25-403(B) is an abuse of discretion. *See, e.g.*, *Dieszi*, 201 Ariz. at 526, ¶ 5, 38 P.3d at 1191.

**¶17**        Additionally, "the absence of findings concerning domestic violence constitutes an abuse of discretion." *Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶ 19, 311 P.3d 1110, 1114 (App. 2013). Here, the trial court acknowledged that Mother had a history of domestic violence, but made no specific findings regarding the nature of what had occurred, the information considered in determining Mother had overcome the presumption that, given a history of domestic violence, joint legal decision-making was not in the child's best interest, or its reasoning in entering the order for joint legal decision-making and unrestricted parenting time.

**¶18**        Although the mere presence of domestic violence might not be dispositive on the issue of custody, action on a petition for modification of custody "in the wake of a finding of domestic violence must be justified by specific findings on the record demonstrating the reasons for the court's decision." *Id.* If joint legal decision-making is ordered, especially where a history of domestic violence has been found, the court has necessarily engaged in some amount of analysis to conclude the arrangement is appropriate. And the law requires more than just the trial court's conclusion be delineated within its order. In the absence of any information to support its determinations, this Court is deprived of a meaningful opportunity to assess the trial court's best interest finding. *See Owen*, 206 Ariz. at 421, ¶ 12, 79 P.3d at 670. Further, the trial court and the parties are ultimately deprived of the baseline information required for future petitions involving a child's best interests, which are necessarily based upon an assessment of a purported material change in circumstance. *Reid*, 222 Ariz. at 209, ¶ 18, 213 P.3d at 358.

**¶19**        We therefore reiterate our prior holdings confirming the mandatory nature of the specific statutory language of A.R.S. § 25-403(B): in addressing any matter where custody or parenting time is at issue, the trial court must present specific findings concerning the relevant factors listed in the statutes, including those related to domestic violence, and any others which the court considers, as well as the reasons why its decision serves the child's best interest. *Christopher K.*, 233 Ariz. at 301, ¶ 18, 311 P.3d at 1114; *Nold*, 232 Ariz. at 273, ¶ 11, 304 P.3d at 1096; *Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 11, 219 P.3d 258, 261 (App. 2009). The rote recitations

contained in the trial court's order[3] are deficient, and constitute "an error of law committed in the process of reaching the discretionary conclusion." *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455–56, 652 P.2d 507, 528–29 (1982) (citing *Brown v. Beck*, 64 Ariz. 299, 302, 169 P.2d 855, 857 (1946), in setting forth certain non-exclusive factors to be considered in determining whether there has been an abuse of discretion in the trial court).

**¶20** The trial court's failure to make the statutorily mandated findings requires us to remand this matter to allow the trial court to set forth its findings and analysis regarding legal decision-making authority, physical custody and parenting time, in compliance with A.R.S. §§ 25-403(B) and -403.03(E). Because we are remanding for further consideration, we need not, and do not, address Father's assertion that the decision was not supported by the evidence.

## II.    Child Support Calculation

**¶21** Father also alleges the trial court erred in calculating child support because it failed to consider amounts allegedly paid to support three children from other relationships. The Arizona Child Support Guidelines govern the amount of support to be paid by a non-custodial parent. Guidelines § 3. The Guidelines require, under some circumstances, a deduction from a parent's gross income for support provided to children of other relationships. *Id.* § 6(B)-(D).

**¶22** When child support is calculated, the result is a mathematical figure representing the amount of the award; such a figure, without more, does not inform an appellate court of the basis for the trial court's decision. *Elliot v. Elliot*, 165 Ariz. 128, 132, 796 P.2d 930, 934 (App. 1990). The final calculation alone does not enable an appellate court to conduct the type of review contemplated where findings of fact are requested. *See id.* at 132-33, 796 P.2d at 934-35 (rejecting findings of fact that "did not address all of the factors with respect to which the parties presented evidence or set forth the mathematical basis of" an award of spousal maintenance).

---

[3] Mother argues that the combination of the trial court's commentary during trial and the written record satisfies the trial court's obligation to provide facts and reasons to support its ruling. However, oral findings of fact are sufficient only when recorded in open court following the close of evidence. Ariz. R. Fam. Law P. 82(A).

¶23        Unlike orders regarding custody or parenting time, specific findings related to child support are not mandated by statute. However, when a timely request for findings of fact is filed, the trial court's factual findings must be sufficient to allow the appellate court to examine the basis for the decision. *See id.* at 135, 796 P.2d at 937 ("'It must be clear [from the findings] how the court actually did arrive at its conclusions.'") (quoting *Urban Dev. Co. v. Dekreon*, 526 P.2d 325, 328 (Alaska 1974)). When Arizona Rule of Family Law Procedure 82 is invoked, this Court will not infer the trial court has made the additional findings necessary to sustain its judgment. *See id.*

¶24        The trial court's child support order does not reflect any reduction for children from other relationships, although the record reflects in numerous places that Father has three other biological children. Nor does the court provide any findings of fact or reasoning to preclude consideration of this factor. Accordingly, the trial court did not provide any information or method by which this Court can review its decision.

¶25        We cannot conclude, based upon the trial court's order, that this factor was given any consideration. Therefore, on remand, we direct the trial court to enter child support orders based upon application of the Guidelines and/or making appropriate factual findings, consistent with the Guidelines, to support its calculation.

## CONCLUSION

¶26        For the foregoing reasons, we remand to the trial court for entry of findings of fact and conclusions of law to support its orders of legal decision-making, parenting time and child support. We leave it to the discretion of the court whether additional evidence need be taken to comply with this direction.

¶27        Mother requests her attorneys' fees and costs incurred on appeal. In our discretion, we decline this request.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

9