NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RICHARD G.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.S., A.G., J.G., J.G.,
*Appellees.*

No. 1 CA-JV 15-0196
FILED 10-27-2015

Appeal from the Superior Court in Maricopa County
No. JD27709
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By David C. Lieb
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1     Richard G. (Father) appeals from the order terminating his parental rights to J.S., A.G., J.G., and J.G. (collectively, the Children). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2     In January 2014, Father and Stephanie S. (Mother)[1] were stopped for a traffic violation with their youngest child, J.G., in the vehicle. Officers found Father exhibiting signs of impairment and after searching the vehicle, discovered methamphetamine, heroin, and foils, as well as a hypodermic needle hidden under J.G.'s car seat. Father was charged with aggravated driving under the influence (DUI), possession of a dangerous drugs, and possession of drug paraphernalia.

¶3     In March 2014, the juvenile court found A.G., J.G., and J.G. dependent as to Father.[2] The case plan was "family reunification as to all the [C]hildren with a concurrent plan of severance and adoption as to the [youngest] child, [J.G.]"

¶4     Throughout 2014, the Department of Child Safety (DCS) provided numerous services to Father, including group and individual counseling, domestic violence classes, and drug rehabilitation services. Father did not participate consistently in services. He was in jail from May 28 until June 22, 2014 for domestic violence, and was arrested again in

---

[1]     The Children are dependent as to Mother, who is not a party to this appeal.

[2]     Father contested paternity as to J.S. and therefore the juvenile court did not find J.S. dependent as to Father.

November 2014 for aggravated DUI with a passenger under fifteen years of age.[3]  At one visit, the Children witnessed Mother "bruised and beaten up because of the [domestic violence] incident."

**¶5**　　　　Father has a history of chronic abuse of dangerous drugs.  In fact, from January 2015 through March 2015, Father tested positive five times for amphetamine and methamphetamine.  Father's inability to maintain his sobriety prevented parent aide services from being implemented.

**¶6**　　　　At the time of the severance hearing, the DCS case manager testified that Father had been participating in weekly visits with the Children, and had been drug free for approximately three months.  Still, Father had not completed the services DCS provided.  The case manager further testified the Children were living with their maternal grandmother, who provided stability and permanency for the Children, and that the older children had expressed a wish to remain with maternal grandmother even if Father complied with all DCS services.

**¶7**　　　　Father did not appear at the May 2015 severance hearing, and there was no good cause for his absence.  After the hearing, the juvenile court found clear and convincing evidence to support termination of Father's parental rights, and that termination was in the Children's best interests.

**¶8**　　　　Father timely appealed the severance,[4] and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and

---

[3]　　　　From the record before us, it is unclear whether this arrest was related to the January 2014 aggravated DUI.

[4]　　　　Father filed a motion to reconsider challenging the juvenile court's decision to proceed with the severance hearing in his absence, arguing that he was at work and thought the hearing was on a different date and the termination was not in the children's best interests.  The juvenile court denied the motion in an unsigned order.  Father then filed a notice of appeal as to the ruling.  Because the unsigned order is not appealable, and Father did not address the motion to reconsider in his appellate brief, we will not address the issues raised in the motion to reconsider.

Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12-120.21.A.1, and -2101.A (West 2015).[5]

## DISCUSSION

**¶9**         "We view the facts in the light most favorable to sustaining the juvenile court's decision." *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 449, ¶ 12 (App. 2007) (citation omitted). "To terminate parental rights, a juvenile court must first find by clear and convincing evidence . . . the existence of at least one statutory ground for termination pursuant to [A.R.S. § 8-533.B], and must also find by a preponderance of the evidence that termination is in the child's best interests." *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005). "When considering the [juvenile] court's express findings, we affirm the [juvenile] court's order if the facts at trial support the [juvenile] court's findings whether or not each supportive fact is specifically called out by the [juvenile] court in its findings." *Christy C.*, 214 Ariz. at 451–52, ¶19.

**¶10**         Father's sole argument on appeal is that the juvenile court "failed to make any specific findings of fact in support of its conclusions of law" that termination was appropriate and in the best interests of the Children. Specifically, Father asserts that the juvenile court's order violates Arizona Rule of Procedure for the Juvenile Court 66.F.2.a, which requires that the juvenile court make "specific findings of fact in support of the termination of parental rights."

**¶11**         "The primary purpose for requiring a court to make express findings of fact and conclusions of law is to allow the appellate court to determine exactly which issues were decided and whether the lower court correctly applied the law." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶24 (App. 2012). At the severance hearing, the juvenile court made the following factual findings on the record:

> Termination of parental rights as to the Father, . . . is appropriate based on a history of chronic substance abuse.
>
> The Court is aware that services have been offered to [Father].
>
> The case has been open for quite some time, [Father's] still testing positive January, February and March of this year.

---

[5]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

While there has been a little more compliance with services recently, [Father] has not completed any substance abuse treatment, he has been in and out of jail and he is still testing positive.

I believe [DCS] has met its burden of proof as far as that ground for severance is concerned.

For the six, nine and [fifteen] months time in care grounds, the State also has met its burden of proof.

A lot of services have been provided to Father; he's not been able to complete anything.  He's had two referrals for TERROS not completed, wasn't able to establish a period of sobriety to even get the parent aide involved, hasn't completed domestic violence counseling, hasn't completed . . . anger management and, again, still testing positive.

So, the Court finds that the State has met its burden of proof as far as the six months time in care for [J.G.] and nine and [fifteen] months time in care for the other children.

. . .

The Court finds that termination is in the children's best interests and welfare so they can be legally freed up for adoption.

They are with maternal grandmother, they . . . are comfortable there; they want to stay there, at least the older children are verbalizing that.

They are certainly adoptable children and this is an adoptive placement and these children deserve permanency and stability.

¶12         Although the juvenile court's factual findings are not included in the minute entry, the factual findings on the record are clearly sufficient. *See Christy C.*, 214 Ariz. at 451–52, ¶ 19 (concluding that detailed factual findings on the record were "clearly sufficient" despite an alleged lack of detail in the trial court order).

¶13         Furthermore, even if the juvenile court's factual findings on the record were not sufficient, "any error would have been harmless, and

remand [is] not required." *Id.* at 452 n.5, ¶21.  Also, Father has waived the objection because he did not first raise it in the juvenile court before appealing.  Absent extraordinary circumstances, we do not consider objections raised for the first time on appeal. *Trantor v. Fredrickson*, 179 Ariz. 299, 300 (1994).  "This is particularly so as it relates to the alleged lack of detail in the juvenile court's findings." *Christy C.*, 214 Ariz. at 452, ¶ 21.

**¶14**        "[A] party may not sit back and not call the trial court's attention to the lack of a specific finding on a critical issue, and then urge on appeal the mere lack of a finding on that critical issue as a grounds for reversal."  *Id.* (internal quotation marks and citation omitted); *see also Banales v. Smith*, 200 Ariz. 419, 420, ¶ 6 (App. 2001) ("[A] party must have afforded the trial court and opposing counsel the opportunity to correct any asserted defects in order to contest on appeal the absence of a trial court's necessary findings of fact and conclusions of law."); *cf. Ruben M.*, 230 Ariz. at 238, ¶8 (reviewing the adequacy of the juvenile court's express findings on appeal where Father *did object* to the adequacy of the express findings in the juvenile court).

**CONCLUSION**

**¶15**        For the foregoing reasons, we affirm the juvenile court order terminating Father's parental rights to the Children.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama