NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DANIELLE ASHLEY E. DEAN, *Petitioner/Appellant*,

*v.*

BRADLEY R. CULP, *Respondent/Appellee*.

No. 1 CA-CV 13-0501
FILED 09-30-2014

Appeal from the Superior Court in Maricopa County
FC2008-053836, FC2009-002749
(Consolidated)
The Honorable Kristin C. Hoffman, Judge

**AFFIRMED**

COUNSEL

J. Douglas McVay, Phoenix
*Counsel for Petitioner/Appellant*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

**B R O W N**, Judge:

¶1        Danielle Ashley E. Dean ("Mother") appeals the superior court's order awarding sole legal decision-making authority to Bradley R. Culp ("Father") and denying her request to relocate out of state with the parties' child. We conclude that the court did not abuse its discretion and therefore affirm.

## BACKGROUND

¶2        The parties are the unmarried parents of a child born in 2007. In 2009, the superior court ordered the parties to share joint legal custody[1] of the child, with Father having parenting time every other Thursday through Sunday and one overnight on the alternate week.

¶3        In 2012, Mother and Father each filed petitions to modify the custody and parenting time orders because Mother had moved to Las Vegas, Nevada with the child. A court-appointed parenting conference provider prepared a report that recommended awarding joint legal decision-making authority and allowing Mother to remain in Las Vegas as the child's primary residential parent, with Father exercising parenting time approximately half of the school breaks and summers and all three-day weekends.

¶4        After an evidentiary hearing, the superior court denied Mother's request to relocate and awarded Father sole legal decision-making authority. Mother timely appealed. Father failed to file an answering brief, which we may treat as a confession of error; however, we exercise our discretion to address the merits "because a child's best interests are involved." *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2, 38 P.3d 1189, 1190 (App. 2002).

---

[1]        Effective January 1, 2013, the term "custody" was replaced with "legal decision-making." *See* Ariz. Rev. Stat. ("A.R.S.") § 25-402.

## DISCUSSION

¶5        Mother argues the superior court abused its discretion in awarding Father sole legal decision-making authority, and thereby denied her request for relocation.  We review a superior court's rulings addressing legal decision-making and relocation for an abuse of discretion.  *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19, 219 P.3d 258, 262 (App. 2009); *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7, 79 P.3d 667, 669 (App. 2003).  We do not re-weigh conflicting evidence or re-determine the preponderance of the evidence on appeal.  *Hurd*, 223 Ariz. at 52, ¶ 16, 219 P.3d at 262.  We give due regard to the court's opportunity to judge the credibility of the witnesses, and although conflicting evidence may exist, we will affirm the court's ruling if substantial evidence supports it.  *Id.*  The parent seeking to relocate with the child has the burden of proving the move is in the child's best interests.  *See* A.R.S. §  25-408(F).

### A.        Parenting Conference Report

¶6        Mother contends the superior court erred because it failed to consider the recommendations of the parenting conference report.  The court, however, was not obligated to accept any of the findings or conclusions included in the report.  *See DePasquale v. Superior Court (Thrasher)*, 181 Ariz. 333, 336, 890 P.2d 628, 631 (App. 1995) (explaining that a trial court must exercise independent judgment in making a custody decision and may not delegate its judicial decision to an expert).  Moreover, even though the court's order does not specifically refer to the parenting conference report, the court stated that it considered the exhibits presented at the hearing, which included the report.

¶7        Mother notes that the report found the parties were equally likely to allow the child frequent, meaningful, and continuing contact with the other parent, whereas the superior court found that Father was the more likely party.  *See* A.R.S. § 25-403(A)(6).  The parenting conference report failed to provide the basis for this conclusion; conversely, the superior court noted that Mother had not allowed Father to have frequent, meaningful, or continuing contact with the child since moving to Las Vegas.  This finding is supported by Father's testimony that he had only seen the child three times since Mother and the child moved to Las Vegas, that Mother delivered the child after 11:00 p.m. on the court-ordered dates, and that he had only been able to talk briefly with the child a few times each week.

¶8          Mother also disputes the finding that relocation would not allow Father a realistic opportunity for parenting time because the report recognized Mother's willingness to ensure Father's parenting time.  *See* A.R.S. § 25-408(H)(5).  Mother's failure to provide Father with regular, meaningful parenting time since she moved refutes this conclusory statement of the parenting conference report.  Thus, the superior court did not abuse its discretion in reaching a different conclusion on this factor.[2]

¶9          Mother also contends the superior court should have adopted the report's conclusion that Father has not demonstrated he is capable of being the primary residential parent and that such a change would not be in the child's best interests "given the historical context of parenting in this case."  These statements are not supported by any factual discussion and are contrary to the evidence.  The record indicates that Father regularly exercised his overnight parenting time prior to the relocation.  Father's mother has historically cared for the child when he is at work and the Father testified she would continue doing so.  The child has her own room at her paternal grandparents' house, where Father also resides.  Thus, the court did not abuse its discretion in reaching its own conclusion.

¶10         Mother cites *Reid v. Reid*, 222 Ariz. 204, 207, ¶ 13, 213 P.3d 353, 356 (App. 2009), for the proposition that a court abuses its discretion when it rejects the opinion of a custody evaluator without explaining the basis for its own conclusion.  Contrary to Mother's characterization of the case, *Reid* did not hold that a superior court must defer to a custody evaluator report.  Instead, the case held that a court must make specific findings pursuant to A.R.S. § 25-403 when "making a custody determination."  *Id*. at 207-10, ¶¶ 11-20, 213 P.3d at 356-59.  Here, the superior court provided a thorough analysis of the statutory factors and discussed how it weighed the relevant evidence.  Because the evidence underlying the court's conclusions was presented at an evidentiary hearing, the superior court was within its discretion to disregard the conclusions in the parenting conference report in favor of the court's first-hand observation and determination of the parties' credibility.

---

[2]          Mother also contends the court ignored the finding that the parties would be equally likely to comply with parenting time orders.  *See* A.R.S. § 25-408(H)(3).  However, the parenting conference report contained no comment or analysis regarding this factor.

### B.     Child's Sibling

**¶11**          Mother contends the superior court failed to address the impact that denying her relocation request would have on child's relationship with her half-sister.  *See* A.R.S. §§ 25-403(A)(2); -408(H)(3). The court expressly noted the child has a good relationship with her infant half-sister.  Although the court did not comment on how that relationship impacts the child's best interests or how it factored into the relocation decision, the record reflects the sibling relationship was among the factors the court considered.  We find no abuse of discretion.

### C.     Father's Prior Agreement

**¶12**          Mother argues the superior court ignored evidence that Father previously agreed Mother could relocate to California.  Father did not object when Mother told him she was moving to California to live with her mother.  However, Mother admitted that she lied to Father and never intended to move to California, but instead planned to move to Las Vegas where she works.  The superior court's findings specifically referenced Mother's deception when considering the parties' ability to cooperate in decision-making to the extent required for joint legal decision-making.  *See* A.R.S. § 25-403.01(B)(3).  The court did not ignore the circumstances of Father's prior agreement, rather, the court concluded that Mother's deception in obtaining Father's agreement demonstrated an inability to cooperate.  *Id.*  Because we do not reweigh the evidence on appeal, we find no abuse of discretion.

### D.     Whether Either Party Intentionally Misled the Court

**¶13**          Mother also takes issue with the superior court's finding that she provided false information about the child's schooling while at the same time the court failed to consider that Father misled a different judge regarding his status as a registered sex offender.  *See* A.R.S. § 25-403(A)(7) (in determining child's best interests a court shall consider whether a parent intentionally misled the court to obtain more favorable legal decision-making or parenting time decision).  Father's misrepresentation to the court occurred during a 2009 hearing to resolve a parenting time dispute.  At that time, the court ordered Father's parenting time to be supervised by his mother.  Less than two months later, Father was allowed to resume unsupervised, overnight parenting time. Since then, Father regularly exercised his unsupervised parenting time until Mother moved in September 2012.  Although the court in this proceeding did not discuss Father's conviction as a factor under A.R.S. § 25-403(A)(7), the court

specifically found Father was a convicted sex offender currently on probation in discussing two other statutory factors. *See* A.R.S. §§ 25-403(A)(5) (the parties' mental and physical health) and -403.05 (presumptions applied to sex offenders). It was within the court's discretion to disregard a misrepresentation that occurred four years earlier on a separate issue. Mother, on the other hand, provided false information to the court about the child's schooling. Thus, the court acted within its discretion in considering Mother's misrepresentation and the weight to which it was entitled.

### E. Mother's Conviction for a Drug Offense

**¶14** Finally, Mother argues the superior court failed to properly weigh the factors in A.R.S. § 25-403.04 regarding her drug conviction.[3] The court found that Mother failed to rebut the presumption against awarding joint legal decision-making to a parent with a conviction for a drug offense in the past twelve months. *See* A.R.S. § 25-403.04. Mother argues the court failed to consider the absence of any other drug conviction during the previous five years, the results of random drug testing, and the fact that her probation was ending soon. We disagree. The findings specifically refer to

---

[3] Section 25-403.04 provides, in relevant part:

> A. If the court determines that a parent . . . has been convicted of [an enumerated drug offense] within twelve months before the petition or the request for legal decision-making or parenting time is filed, there is a rebuttable presumption that sole or joint legal decision-making by that parent is not in the child's best interests[.]
>
> B. To determine if the person has rebutted the presumption, at a minimum the court shall consider the following evidence:
> 1. The absence of any conviction of any other drug offense during the previous five years.
> 2. Results of random drug testing for a six month period that indicate that the person is not using [illegal] drugs[.]
> 3. Results of alcohol or drug screening provided by a facility approved by the department of health services.

Mother's single drug conviction and the lack of any drug test results.[4]  The length of Mother's probation is not a statutory factor.  *See* A.R.S. § 25-403.04(B).  Thus, Mother's arguments go to the weight the court gave these factors, and we find no abuse of discretion.

## CONCLUSION

**¶15**        We affirm the order awarding Father sole legal decision-making and denying Mother's request to relocate.  In our discretion, we deny Mother's request for attorneys' fees on appeal pursuant to A.R.S. § 25-324.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : gsh

---

[4]        Mother contends the court failed to note that she was not *required* to drug test; however, that is not a statutory factor.  *See* A.R.S. § 25-403.04(B). In any event, Mother could have voluntarily submitted to drug testing which, if negative, would have provided evidence to rebut the presumption against joint legal decision-making.  In the absence of any such evidence, the court's finding is supported by the record.