NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

RAUL EDUARDO PAREDES-GABRIEL, *Petitioner/Appellant*,

*v.*

LESLIE ACEVADO RIVA, *Respondent/Appellee*.

No. 1 CA-CV 18-0328 FC
FILED 5-2-2019

Appeal from the Superior Court in Maricopa County
No. FC2017-007209
The Honorable Scott S. Minder, Judge

**VACATED AND REMANDED**

COUNSEL

The Ber Law Firm, Phoenix
By Hershel Ber
*Counsel for Petitioner/Appellant*

Leslie Acevado Riva, Ocoee, Florida
*Respondent/Appellee Pro Se*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Jennifer B. Campbell joined.

M c M U R D I E, Judge:

¶1          Raul Eduardo Paredes-Gabriel ("Father") appeals from the superior court's order awarding Leslie Acevado Riva ("Mother") sole legal decision-making authority and limiting Father to supervised parenting time of their child, Raul. Given the superior court's failure to support the necessary findings regarding domestic violence, we vacate its legal decision-making and parenting time order and remand for further proceedings.[1]

### FACTS AND PROCEDURAL BACKGROUND[2]

¶2          Mother and Father began a relationship in 2014. Roughly a year later, Mother and Father moved into Father's family's household in Arizona. On April 22, 2017, Mother gave birth to Raul. Sometime in June 2017, Mother left Arizona for Florida with Raul to visit her mother. Later that month, Father received a letter from Mother informing him that she and Raul were staying in Florida and would not return to Arizona.

¶3          Father petitioned to establish legal decision-making, parenting time, and child support in Arizona. Father requested the court to award him sole legal decision-making authority over Raul and limit Mother to supervised parenting time. In response, Mother alleged she had left Father's household to escape domestic violence by Father and his family.

---

[1]     While this appeal was pending, Mother filed two motions to supplement the record on appeal with materials not presented to the superior court. The motions are denied.

[2]     We view the facts in the light most favorable to sustaining the superior court's order. *Alvarado v. Thomson*, 240 Ariz. 12, 13, ¶ 2, n.1 (App. 2016); *see also Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998).

Mother also questioned paternity,[3] and requested the court award her sole legal decision-making authority and limit Father to supervised parenting time. The court set the matter for an evidentiary hearing.

¶4            The parties filed separate pretrial statements. In her statement, Mother asserted that she should be awarded sole legal decision-making authority and that Father should only be permitted to exercise supervised parenting time "due to the significant history of domestic violence committed by Father against Mother in this relationship." Mother alleged that: (1) Father and his male family members raped her shortly before she became pregnant, and the police were currently investigating the incident;[4] (2) Father withheld necessities, including Mother's phone, to control her; (3) Father and his family belittled her, called her names, and treated her inappropriately; (4) Father hid or broke Mother's personal property; and (5) Father and his family's behavior caused her to become isolated from her family.

¶5            At the hearing, the court heard testimony from a court-appointed advisor, Mother, Father, and members of their families. The court-appointed advisor testified that she found Mother's allegations of domestic violence credible and that it appeared Mother "had experienced something." The advisor also testified that the police investigation and a separate Department of Child Safety investigation of Mother's allegations against Father and his family's household had been closed without any action being taken.

¶6            Mother, Father, and their respective families presented conflicting accounts of Mother's relationship with Father, Father's family, and what occurred while Mother was living with them. Mother testified about the allegations listed in her pretrial statement, including her claim that Father and some of his family members raped her before she became pregnant. When questioned about why she did not initially report the incident or assist police in the now-closed investigation, Mother explained that she was too overwhelmed to act after the event and during the investigation. Mother also testified that Father and his family refused to let her leave the home and that Father even took the baby from her to prevent

---

[3]      Paternity testing later confirmed Father is Raul's natural father, and Mother did not contest the issue of paternity further.

[4]      The investigation began when Mother filed a police report after she moved to Florida.

her from leaving. Mother's family members testified Mother was treated poorly by Father and his family, and she became depressed, anxious, and withdrawn over time due to their mistreatment of her.

**¶7** Father categorically denied Mother's domestic violence allegations and that she had been mistreated while living with him and his family. Father testified he believed Mother was dealing with mental health issues "from the very beginning." To support his account, Father elicited testimony from her mother that Mother had witnessed and experienced abuse as a child. For their part, Father's family members testified that Mother was never mistreated in their home.

**¶8** The court issued an order awarding Mother sole legal decision-making authority and Father supervised parenting time. In its order, the court applied the best-interests factors listed in Arizona Revised Statutes ("A.R.S.") sections 25-403(A) and -403.01(B) to determine legal decision-making and parenting time. Specifically, the court found that Mother's domestic violence allegations against Father and his family required it to consider "the award of legal decision-making authority and parenting time in light of the alleged presence of domestic violence under A.R.S. § 25-403.03." *See* A.R.S. § 25-403(A)(8) (court must consider "[w]hether there has been domestic violence or child abuse pursuant to § 25-403.03").

**¶9** After summarizing the evidence, including the testimony described above, the court concluded "the truth [was] somewhat in between" Mother's and Father's conflicting accounts. The court found "Mother likely had some mental health issues . . . when she moved in with Father" but that Father and his family had engaged in "some amount of the behavior that [she] described in the home," and "the fact that she remained isolated shows that something was occurring." Regarding the rape allegation, the court found there was insufficient evidence presented to find that it occurred. The court then found that Mother had experienced "control . . . through fear and intimidation," and that this finding supported a determination that Father had engaged in acts of domestic violence against Mother.

**¶10** Based on these findings, the court ultimately concluded: (1) it could not award joint legal decision-making to Father and Mother; (2) a presumption against awarding Father sole legal decision-making authority applied, and Father had not rebutted that presumption; (3) it was in Raul's best interests that Mother be awarded sole legal decision-making authority;

and (4) that Father was entitled only to supervised parenting time. Father timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶11**       Father argues the superior court erred by awarding Mother sole legal decision-making authority and limiting Father to supervised parenting time based on its finding that Father committed domestic violence under A.R.S. § 25-403.03. We review an award of legal decision-making and parenting time for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). An abuse of discretion occurs "when the record is 'devoid of competent evidence to support the decision,' or when the court commits an error of law in the process of reaching a discretionary conclusion." *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018) (quoting *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009)). While we defer to the court's findings of fact unless they are clearly erroneous, "[c]onclusions of law and the interpretation of statutes and rules are reviewed de novo." *Alvarado v. Thomson*, 240 Ariz. 12, 14, ¶ 11 (App. 2016).

## A.       The Superior Court Abused Its Discretion by Finding Father Committed "Significant Domestic Violence" Under A.R.S. § 25-403.03(A).

**¶12**       The superior court found it could not award joint legal decision-making authority to Father and Mother because Father had engaged in "significant domestic violence" against Mother. *See* A.R.S. § 25-403.03(A) ("[J]oint legal decision-making shall not be awarded if the court makes a finding of the existence of significant domestic violence pursuant to § 13-3601 . . . ."). Father argues the court abused its discretion by making that finding.

**¶13**       The court explained its ruling by stating the following:

> The Court reminds the parties that domestic violence is not limited to physical violence. Rather it is often highlighted by control over another person through fear and intimidation. Mother experienced that, even if the degree of that control, fear, or intimidation, is less clear.

> \*       \*       \*

> However, the admonition in [A.R.S. § 25-403.03(A)] applies only to "significant domestic violence." Significance is a product of three factors: (1) The seriousness of the particular

5

> incident of domestic violence, (2) the frequency or pervasiveness of the domestic violence, (3) and the passage of time and its impact. Here, the evidence establishes that by a preponderance of the evidence, there has been domestic violence by Father.

> **THE COURT FURTHER FINDS** that the domestic violence involved in this case is significant. It involves control over Mother for a period of years based on intimidation and fear tactics. In the spectrum of domestic violence, the acts in this case are significant.

These findings lack the specificity necessary to justify the conclusion that Father committed significant domestic violence under A.R.S. § 25-403.03(A).

¶14        For A.R.S. § 25-403.03(A) to apply, the court must find the existence of significant domestic violence "pursuant to § 13-3601." A.R.S. § 13-3601, in turn, defines the crime of domestic violence by reference to several separately defined criminal offenses. *See* A.R.S. § 13-3601(A) (listing crimes that constitute domestic violence). The court here made findings concerning the "intimidation and fear tactics" Mother experienced in Father's family's household but did not determine whether Father's participation in those actions met A.R.S. § 13-3061's definition of domestic violence. While some of Father's alleged conduct may constitute domestic violence under A.R.S. § 13-3061, the court's ruling does not distinguish between those acts that do and those that do not qualify under the statue. This issue is particularly significant in this case, where the superior court found testimony both by and on behalf of Mother and by and on behalf of Father lacked credibility at times.

¶15        Consequently, we are unable to determine whether the court "would have reached the same conclusion had it considered only the acts that legally constituted domestic violence." *Engstrom*, 243 Ariz. at 474, ¶ 15. We, therefore, conclude the court erred by finding the existence of significant domestic violence under A.R.S. § 25-403.03(A) without identifying the factual basis to support a finding under A.R.S. § 13-3601(A) and without finding Father committed domestic violence as defined by that statute.

**B.      The Court Abused Its Discretion by Finding Father Committed an Act of Domestic Violence Against Mother Under A.R.S. § 25-403.03(D).**

¶16      The Court also found that because Father had committed at least one act of domestic violence against Mother, A.R.S. § 25-403.03(D)'s presumption against awarding sole or joint legal decision-making authority to Father applied. Under A.R.S. § 25-403.03(D), if the court determines a parent seeking sole or joint legal decision-making authority has committed domestic violence against the other parent, a rebuttable presumption exists that awarding either authority to that parent is against the child's best interests. The subsection provides the following definition of domestic violence:

> For the purposes of this subsection, a person commits an act of domestic violence if that person does any of the following:
>
> 1.      Intentionally, knowingly or recklessly causes or attempts to cause sexual assault or serious physical injury.
>
> 2.      Places a person in reasonable apprehension of imminent serious physical injury to any person.
>
> 3.      Engages in a pattern of behavior for which a court may issue an ex parte order to protect the other parent who is seeking child custody or to protect the child and the child's siblings.

A.R.S. § 25-403.03(D)(1)–(3); *see also* A.R.S. § 13-3602(E) (court may issue *ex parte* order of protection if it determines there is reasonable cause to believe a defendant has committed or may commit an act of domestic violence); *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 14 (App. 2014) (for purposes of the statute governing orders of protection, "domestic violence" is defined under A.R.S. § 13-3601).

¶17      Here, the court concluded the presumption against awarding Father sole or joint legal decision-making authority applied because Mother had experienced "control, fear, or intimidation" for years while living in Father's family's household. But the court did not specify which actions taken by Father caused Mother to experience that control, fear, or intimidation, or explain how those actions met A.R.S. § 25-403.03(D)'s definitions of domestic violence. Moreover, it is unclear whether the court relied solely on Father's conduct in finding the presumption applied. For example, the court found that "some of the problem related to Father's

family" but concluded, "Father must also shoulder the responsibility for protecting Mother from that situation." However, A.R.S. § 25-403.03(D) requires the court to consider only whether the "parent who is seeking sole or joint legal decision-making" has engaged in domestic violence against the other parent.

¶18            While we do not question the superior court's statement that domestic violence can take many forms, A.R.S. § 25-403.03(D), like A.R.S. § 25-403.03(A), does not "define domestic violence as a nebulous concept subject to ad hoc facts." *Engstrom*, 243 Ariz. at 473, ¶ 14. For the presumption to apply, the court must make specific findings that Father committed acts of domestic violence against Mother *as defined by* A.R.S. § 25-403.03(D)(1)–(3), and explain its reasoning. *See* A.R.S. § 25-403(B) ("[T]he court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child."); *see also Reid v. Reid*, 222 Ariz. 204, 209, ¶ 18 (App. 2009) (specific findings requirement exists "not only to aid an appellant and the reviewing court, but also . . . [to] aid[] all parties and the family court in determining the best interests of the child . . . both currently and in the future"). The court did not do so here, and we cannot say it would have reached the same conclusion had it correctly applied A.R.S. § 25-403.03(D)'s definitions of domestic violence, particularly given the importance of the court's credibility determinations in this case. Accordingly, we conclude the court abused its discretion by finding A.R.S. § 25-403.03(D)'s presumption applied.

## C.    The Court Abused Its Discretion by Limiting Father to Supervised Parenting Time.

¶19            The court limited Father to supervised parenting time based on its domestic violence findings. Given our conclusion that the court erred by making its findings of domestic violence, we must also conclude the court erred by limiting Father to supervised parenting time due to "the domestic violence committed by Father against Mother." If on remand, the court concludes that Father committed an act of domestic violence under A.R.S. § 25-403.03(A) or (D) against Mother, it must then determine whether Father has met his burden to show "that parenting time will not endanger the child or significantly impair the child's emotional development." A.R.S. § 25-403.03(F). The court is then required to "make specific findings explaining its reasoning and conclusions" as to whether Father has met his burden and, if he has, what conditions are necessary to protect the child and Mother. *Engstrom*, 243 Ariz. at 474, ¶ 18; *see also* A.R.S. § 25-403(B); A.R.S. § 25-403.03(F)(1)–(9).

## CONCLUSION

**¶20** For the foregoing reasons, we vacate the superior court's order concerning legal decision-making and parenting time. On remand, the court is to conduct a new hearing, at which it shall determine legal decision-making and parenting time under A.R.S. § 25-403.



AMY M. WOOD • Clerk of the Court
FILED:  AA