NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

JEREMY JON WATSON, *Petitioner/Appellant*,

*v.*

KERRI AMANDA HOLLEY, *Respondent/Appellee*.

No. 1 CA-CV 25-0616 FC

FILED 02-27-2026

Appeal from the Superior Court in Maricopa County
No.  FC2014-051064
The Honorable Colleen E. O'Donnell-Smith, Judge

**AFFIRMED**

COUNSEL

Jeremy Jon Watson, Buckeye
*Petitioner/Appellant*

Kerri Amanda Holley, PROTECTED ADDRESS
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1    Jeremy Watson ("Father") appeals the superior court's denial of his Arizona Rule of Family Law Procedure ("Rule") 85 motion for relief from judgment granting Kerri Holley ("Mother") final legal decision-making authority, parenting time, and child support. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2    Since their 2015 marriage dissolution, Mother and Father have shared joint legal decision-making authority over their two children, who have lived with Mother. The parties' relationship soured in 2024 and both parents petitioned for more legal decision-making authority.

¶3    The superior court held an evidentiary hearing and found joint decision-making authority remained in the children's best interests. Acknowledging the parties' strained relationship, the court granted Mother's request to have final say in child-related disputes but warned it would reconsider should she fail to collaborate with Father in good faith. Father filed a motion to amend the judgment under Rule 83, which the court granted in part only to correct a factual error on the record. Father next filed a motion for relief from judgment under Rule 85, which the court denied.

¶4    Father appealed the judgment, the denial of his Rule 83 and 85 motions, and a few other motions. We previously dismissed the appeal in part for untimeliness, so only the denial of the Rule 85 motion remains at issue.

## DISCUSSION

¶5    Father argues the superior court erred by denying his Rule 85 motion for relief from judgment. We have jurisdiction to review the denial of a Rule 85 motion as a "special order after final judgment" under Arizona Revised Statutes Section 12-2101(A)(2). *Vincent v. Shanovich*, 243 Ariz. 269, 271, ¶ 9 (2017). But we may only exercise that jurisdiction if (1) "the issues

raised on appeal from the order . . . could [not] have been raised on appeal from the underlying judgment," and (2) the order "either affect[s] the judgment or relate[s] to its enforcement." *Id.*

**¶6** Father alleges the court deprived him of due process and the right to fair trial by admitting Mother's late, and allegedly fraudulent, exhibits, in violation of Arizona Rule of Family Law Procedure 49, the Arizona Rules of Evidence, HIPAA, and state-law privacy protections for medical records. He also accuses the court of bias and engaging in ex parte communications with Mother. Because most of Father's claims arise from his disagreement with the superior court's procedural rulings, they could have been raised in a timely appeal from the underlying judgment. We have no jurisdiction over those claims. *See id.* Only one claim is properly before us—Father's allegation that Mother engaged in fraud.

**¶7** We review the superior court's denial of a Rule 85 motion for abuse of discretion. *Johnson v. Edelstein,* 252 Ariz. 230, 233, ¶ 12 (App. 2021). Father's motion in the superior court sought relief under Rule 85(b)(3) (fraud, misrepresentation, or misconduct by opposing party) and Rule 85(d)(3) (fraud upon the court). To us, Father argues Mother intentionally submitted a fraudulent Affidavit of Financial Information to mislead the court and obtain a favorable judgment. Father claims the affidavit was unsigned, omitted income sources, and improperly included Mother's adult daughter as a minor child. And he alleges the superior court's decision to admit the affidavit on the day of trial constituted "procedural fraud."

**¶8** The record does not support Father's conclusory allegations. The affidavit in question is signed—twice. And nothing in the record suggests Mother provided false information. The court has a "duty to hear all competent evidence offered in determining a child's best interests when making a custody decision." *Reid v. Reid*, 222 Ariz. 204, 206, ¶ 9 (App. 2009). And we "will not disturb an evidentiary ruling absent a clear abuse of discretion and resulting prejudice." *Johnson v. Provoyeur*, 245 Ariz. 239, 241–42, ¶ 8 (App. 2018). We do not reweigh evidence on appeal because the superior court was "in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 582, ¶ 23 (2021).

**¶9** The court did not err by denying Father's Rule 85 motion.

**CONCLUSION**

¶10          We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR