NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

SAMANTHA LEIGH ROSENBERG, *Petitioner/Appellant*,

*v.*

JAYSON ROBERT CONZONER, *Respondent/Appellee*.

No. 1 CA-CV 20-0514 FC
FILED 1-6-2022

Appeal from the Superior Court in Maricopa County
No. FC2006-053796
No. FC2008-005445
The Honorable John Christian Rea, Judge *Retired*

**AFFIRMED IN PART;
VACATED AND REMANDED IN PART**

APPEARANCE

Samantha Leigh Rosenberg, Ladysmith, VA
*Petitioner/Appellant*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1   Mother appeals the superior court's parenting-time modification orders. Because the record does not include express findings under A.R.S. § 25-403, we vacate the modification and remand for written findings as to the enumerated § 25-403 best-interests factors.

### FACTUAL AND PROCEDURAL HISTORY

¶2   The superior court dissolved mother and father's marriage by consent decree in 2009. The parents have one teen-aged child, J.R. The child lives primarily with father, who has sole legal decision-making authority. Mother currently resides in Virginia and has had a long-distance parenting schedule with J.R. for several years.

¶3   In July 2019, J.R. returned to Arizona highly distressed after visiting mother in Virginia. J.R. produced an audio recording of mother engaging in a "vicious," "lengthy, obscenity laced, screaming episode" aimed at J.R. Father then asked the superior court to modify mother's parenting time so J.R. would not need to return to Virginia or have unsupervised parenting time with mother. In response, mother petitioned to enforce her parenting time.

¶4   After a temporary-orders hearing in November, the superior court ordered mother to continue having unsupervised parenting time in Arizona. But in December, father filed a new petition for modification—this time without notice under Rule 48 of the Arizona Rules of Family Law Procedure. The superior court held a status conference, at which mother objected to any change. The court-appointed advisor reaffirmed her prior recommendations, saying mother and J.R. needed counseling in conjunction with their Arizona visits. The superior court entered temporary orders, changing mother's in-person visitation in Arizona to supervised visitation and not requiring J.R. to participate in telephonic or Skype visits. The superior court then set and held an evidentiary hearing on father's petition.

**¶5** In June 2020, after the evidentiary hearing, the superior court denied mother's petition to enforce, finding unsupervised parenting time with mother "would seriously endanger [J.R.'s] physical, mental, and emotional health." The superior court found father proved a change in circumstances and—without making specific best-interests findings—granted father's petition to modify mother's parenting time. Accordingly, the superior court restricted mother to supervised parenting time in Arizona. Mother timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

**ANALYSIS**

**¶6** Mother raises four issues on appeal: (1) the parenting order lacked a clear parenting plan; (2) the superior court should have transferred the matter to juvenile court; (3) certain evidence was inadmissible; and (4) the superior court failed to make best-interests findings in a contested-custody matter. Though father failed to file an answering brief, we exercise our discretion and decline to treat his failure as a concession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994). Though we conclude the lack of best-interests findings dispositive, we discuss the remaining arguments to avoid disputes on remand.

**I. The Statutory Requirements for Parenting Time Modification**

**¶7** Mother argues the superior court erred by not making specific findings under A.R.S. § 25-403 before modifying mother's parenting time.

**¶8** This court reviews parenting time orders for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). An abuse of discretion occurs when the record is "devoid of competent evidence to support the decision," or when the superior court commits an error of law in reaching a discretionary decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009) (citations omitted). This court accepts the superior court's factual findings unless clearly erroneous, but reviews *de novo* the superior court's conclusions of law. *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017).

**¶9** A petition to modify parenting time requires a two-step analysis: (1) whether a change in circumstances occurred and whether the change materially affects the child's welfare, and, if so, (2) whether the child's best interests require a new parenting plan. *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). The superior court has broad discretion to determine whether circumstances have changed. *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994).

### A.     J.R.'s Change in Circumstances

**¶10**      Section 25-411.J does not require the superior court to make express, written findings about changed circumstances. *See Hart v. Hart*, 220 Ariz. 183, 187, ¶¶ 16–17 (App. 2009) (recognizing § 25-411.J—formerly § 25-411.D—only requires the superior court find "certain facts in order to grant the specified relief" but does not require the "findings be reduced to writing or stated on the record"). This court views the evidence in the light most favorable to upholding the superior court's order and will affirm findings if reasonable evidence supports them. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015).

**¶11**      Here, in granting father's motion, the superior court impliedly found a change in circumstances. *See Gen. Elec. Capital Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992) ("Implied in every judgment, in addition to the express findings made by the court, are any additional findings necessary to sustain the judgment, if reasonably supported by the evidence and not in conflict with the express findings."). The superior court found mother's actions distressed J.R., who then became resistant to unsupervised parenting time. The superior court also found this resistance materially affected J.R.'s welfare because J.R. was "genuinely fearful of returning to mother." *See Pridgeon v. Super. Ct.*, 234 Ariz. 177, 180 (App. 1982) (concluding a change in circumstance determination focuses on a comparison between a "new, previously unconsidered changed circumstance" and "prior circumstances"). The record supports the superior court's finding and its implied determination that a change in circumstances warranted further analysis under § 25-403 to determine the child's best-interests regarding parenting time.

### B.     The Absence of Best-Interests Findings

**¶12**      In determining parenting time, the superior court must consider all relevant factors bearing on the child's best interests, including the eleven factors enumerated in § 25-403.A. In a contested-custody matter, the superior court "shall make specific findings on the record about all relevant factors" *and* shall state the reasons why the decision serves the child's best interests. A.R.S. § 25-403.B. Ultimately, the child's best interests are paramount. *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003). Failure to make specific findings may constitute an abuse of discretion requiring reversal and remand. *See, e.g.*, *Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶ 18 (App. 2013).

¶13        Section 25-403.A applies both to initial determinations and subsequent modifications. And, because mother contested modification, the superior court needed to "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." *See* A.R.S. § 25-403.B. Detailed findings aid this court's appellate review, assist the parties and the superior court in determining what is in a child's best interests, and provide a baseline against which to measure any future petitions for modification. *See Reid v. Reid*, 222 Ariz. 204, 209, ¶ 18 (App. 2009).

¶14        The superior court did not reference the § 25-403.A factors during the hearing or in its order. These statutory requirements cannot be satisfied by inference from the superior court's order or waived by a party. *DeLuna v. Petitto*, 247 Ariz. 420, 424, ¶ 16 (App. 2019) (ruling an appellate court will not infer § 25-403.A findings); *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 297, ¶ 18 (App. 2020) (ruling parties cannot waive the § 25-403 statutory-findings requirement) (citing *Reid*, 222 Ariz. at 210, ¶ 20). The failure to make the requisite legal findings constituted an abuse of discretion. *See, e.g.*, *Owen v. Blackhawk*, 206 Ariz. 418, 421–22, ¶ 12 (App. 2003). We vacate and remand for compliant determinations under § 25-403.

¶15        Our ruling suggests neither whether the superior court should hold a new evidentiary hearing nor what findings the superior court should make on remand. We require only the superior court make the statutorily-required findings based upon record evidence. We defer to the superior court to address parenting time orders for the parents until it does so.

## II.    Mother's Remaining Arguments

¶16        Mother also argues: (1) the parenting order lacked a clear parenting plan; (2) the superior court should have transferred the case to juvenile court; and (3) the superior court erred by admitting a therapist's email. Though the absence of best-interests findings resolves mother's appeal, we address her remaining arguments to provide further clarity upon remand.

¶17        First, mother argues the superior court erred when it did not enter a clearly delineated parenting plan. The superior court has discretion to create a parenting plan in the child's best interests. *See* A.R.S. § 25-403.02.B; *Armer v. Armer*, 105 Ariz. 284, 289 (1970). Under § 25-411.J, the superior court may place "conditions on the exercise of parenting time, such as supervision or geographical restrictions." *Cruz v. Garcia*, 240 Ariz.

234, 238, ¶ 18 (App. 2016). Though mother asserts, without support, the lack of a concrete plan improperly delegates the judicial function to father, the record supports the superior court's exercise of discretion to formulate a parenting plan to meet J.R.'s needs while allowing mother and J.R. to rebuild their relationship. The superior court allowed mother to have supervised parenting time in Arizona. And the superior court ensured the lack of specificity was only temporary until mother made more specific requests for parenting time given any travel or financial difficulties. Upon remand, mother may provide such information for the superior court's consideration.

**¶18** Second, according to mother, the superior court should have transferred this matter to juvenile court because "the family has an extensive history with DCS [Department of Child Safety] and was unable to resolve the family problems." Mother waived this argument by providing no legal support for her assertions. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) (ruling arguments unsupported by legal authority are waived). And Arizona law does not support her assertion. Under title 25, the superior court here had continuing jurisdiction over the parents' family matter, including their modification request. *See* A.R.S. § 25-1032. Juvenile matters are separate matters under title 8, chapter 4. *See* A.R.S. §§ 8-451 to -892. The legislature granted DCS—an executive agency—authority to investigate reports of child abuse under title 8. Mother fails to identify any authority suggesting the superior court can force DCS to initiate an investigation to avoid resolving a parent's modification request. *See* A.R.S. §§ 8-451.B, -453. The superior court, therefore, was not required to transfer this matter to the juvenile court.

**¶19** Third, mother contends the superior court violated her due process rights when it admitted a therapist's email into evidence over her objection. But the email is "not inadmissible hearsay because hearsay is not barred in family court proceedings unless a party requests strict compliance with the Rules of Evidence." *See Woyton v. Ward*, 247 Ariz. 529, 533, ¶ 16 (App. 2019) (citing Ariz. R. Fam. Law P. 2(b)(1)). Mother never requested strict compliance. And, though mother contends she reserved the right to object to the email's admission in her pretrial statement, she did not object to its admission at the hearing. Failure to raise an issue before the superior court constitutes waiver on appeal. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000). The superior court did not err by admitting the therapist's email.

**ATTORNEY FEES**

**¶20**       Mother requests her attorney fees on appeal under § 25-324. Because mother is a self-represented litigant, she is not entitled to attorney fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. and Constr. of the Sw., LLC,* 235 Ariz. 125, 126, ¶ 5 (App. 2014). We award mother her costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-341.

**CONCLUSION**

**¶21**       We vacate and remand the parenting order for § 25-403 compliant findings.



AMY M. WOOD • Clerk of the Court
FILED:      AA