NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of

HEIDI L. NICKEL, *Petitioner/Appellee,*

*v.*

CHRISTOPHER K. POTTER, *Respondent/Appellant.*

No. 1 CA-CV 20-0685 FC
FILED 1-11-2022

Appeal from the Superior Court in Maricopa County
No. FC2010-052126
The Honorable John Christian Rea, Judge, *Retired*

**AFFIRMED**

COUNSEL

Heidi L. Nickel, Cave Creek
*Petitioner/Appellee*

Sullivan Law Office PLLC, Mesa
By Dianne Nicole Sullivan
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

¶1        Christopher K. Potter ("Father") appeals the superior court's judgment and orders denying his petition to enforce parenting time with his two children and granting Heidi L. Nickel's ("Mother") petition to modify legal decision making, parenting time, and child support.  Father argues the court failed to specifically tie its findings to the best-interests factors enumerated in Arizona Revised Statutes ("A.R.S.") section 25-403(A) and that the court's findings were unsupported by the evidence.  He asks that we remand for the superior court to make more detailed findings consistent with § 25-403.  We conclude the court's findings are adequate to satisfy the statutory requirements and are supported by the record.  Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Mother were married in 2000 and divorced in 2010.  They have two children—a daughter, who turned eighteen years old in 2021, and a son, born in 2007.  In 2011, the parties stipulated to joint legal decision-making and equal parenting time.  In July 2019, the court adopted the parties' stipulation to amend the parenting plan, but to leave in place shared decision making and parenting time.

¶3        In December 2019, Father petitioned to enforce parenting time, alleging that beginning in October 2019, Mother had unilaterally stopped all parenting time between him and the children.

¶4        Mother also petitioned to modify, seeking sole legal decision-making, designation as the primary residential parent (with Father to receive limited supervised parenting time), and child support.  Mother asserted that Father had recently been arrested, remained incarcerated for one week, and was out on bail while his case was pending.[1]  Mother further asserted that multiple orders of protection had been taken out against Father.

---

[1]        Based on a June 2017 dispute with a former girlfriend, Father had been charged with stalking, in violation of A.R.S. § 13-2923, in Maricopa County Superior Court Case No. CR2019-150559.  In September 2020, he pled guilty to attempted stalking, a class six undesignated felony and domestic violence offense, and the court placed him on supervised probation for two years.

**¶5**		The petitions were consolidated, and the parties agreed to the appointment of a Court-Appointed Advisor ("CAA") before trial. The CAA prepared a pretrial report based in part on interviews of Mother, Father, and the parties' two children.

**¶6**		In July 2020, the superior court held an evidentiary hearing on the petitions. Mother, Father, the CAA, and other witnesses testified. After taking the matter under advisement, the court issued a judgment in September 2020. In the judgment, the court summarized the evidence presented, made findings, then denied Father's petition to enforce parenting time and awarded Mother sole legal decision-making authority. The court ordered that Father's sole contact with the older child be in a therapeutic setting, but only after consideration of the child's desires and the opinion of her therapist. The court also reduced Father's parenting time with the younger child to supervised visitation for "at least four hours every other Saturday." Finally, the court ordered Father to pay monthly child support for the two children.

**¶7**		Mother moved to amend the judgment, requesting the court make specific findings on the record about all relevant factors the court had considered and the reasons for which the court's decisions were in the best interests of the children pursuant to A.R.S. § 25-403. Specifically, Mother requested the court make its findings "in a format that matches the typical A.R.S. § 25-403 format to remove any shadow of uncertainty from this judgment." Father responded that he did not object to Mother's motion. Nonetheless, the court denied the motion.

**¶8**		We have jurisdiction over Father's timely appeal under Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-2101(A)(2) and 12-120.21(A)(1).

## DISCUSSION

**¶9**		Father argues the superior court abused its discretion when it denied his petition to enforce and granted Mother's petition to modify. Father maintains the court's findings are both inadequate to satisfy the requirements of A.R.S. § 25-403(B) and unsupported by the evidence.

I.		Standard of Review and Applicable Law

**¶10**		We review the superior court's legal decision-making and parenting time rulings for an abuse of discretion. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002). In making such determinations, whether originally or on petition for modification, the court must consider the best

interests of the children, and in doing so, "shall consider all factors that are relevant to the child[ren]'s physical and emotional well-being, including" those factors found in A.R.S. § 25-403(A). Further, A.R.S. § 25-403(B) requires that, "[i]n a contested legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child[ren]."

II.     The Merits

¶11     As the parties recognize, this court has previously found findings inadequate and held that the superior court abused its discretion when it failed to make findings pursuant to § 25-403. *See Reid v. Reid*, 222 Ariz. 204, 207, ¶¶ 12-13 (App. 2009); *Diezsi*, 201 Ariz. at 526, ¶ 5; *see also Owen v. Blackhawk*, 206 Ariz. 418, 421-22, ¶¶ 9-12 (App. 2003) (holding that the court abused its discretion in changing the primary residential parent and altering the parenting time schedule without making required findings on the record in a contested custody case brought under the relocation statute, A.R.S. § 25-408); *Downs v. Scheffler*, 206 Ariz. 496, 501, ¶ 19 (App. 2003) (holding that the court's findings were insufficient as a matter of law and remanding for findings under A.R.S. § 25-403).

¶12     However, "[n]o principles are better settled in Arizona than, first, that the duty of a reviewing court begins and ends with the inquiry whether the trial court had before it evidence which might reasonably support its action viewed in the light most favorable to sustaining the findings, and, second, that the reviewing court will not weigh conflicting evidence on appeal." *O'Hair v. O'Hair*, 109 Ariz. 236, 240 (1973) (citations omitted).

¶13     Here, Father concedes that the court's judgment "arguably contained an [unenumerated] analysis of the [§ 25-]403 factors," and we conclude the court's findings, although not individually referenced in conjunction with A.R.S. § 25-403, nonetheless satisfy the statutory requirement of making specific findings regarding the reasons why its decision was in the children's best interests. *See Owen*, 206 Ariz. at 421-22, ¶¶ 11-12.

¶14     Unlike the courts in the aforementioned cases, the court here made a series of detailed findings and gave explanations for its judgment. It is clear from the record that several subsections of A.R.S. § 25-403 were inapplicable to the court's analysis, including subsections (A)(9) through (A)(11), and that the court found the evidence did not support a finding of

domestic violence or child abuse or that either parent had intentionally misled the court, *see* A.R.S. § 25-403(A)(7)-(8). Further, where the evidence regarding a particular factor was disputed or not clearly neutral, the findings detail how the factor was considered. The court acknowledged "evidence that Mother has contributed to the children's estrangement from Father," which supports a finding in favor of Father as to subsection (A)(6) ("[w]hich parent is more likely to allow the child[ren] frequent, meaningful and continuing contact with the other parent"), but the court expressly considered that factor "minor."

¶15        Finally, the court's findings make clear the central factors it considered were subsections (A)(1) through (A)(5), and that it heavily weighted subsection (A)(4) ("the wishes of the child[ren]").[2] Moreover, unlike in *Reid*, the court's findings in this case are not cursory, nor do they accept or reject an evaluator's recommendation without explanation. *See* 222 Ariz. at 207, ¶ 13. Instead, the court's findings are sufficiently detailed to comply with the statutory requirements and to allow us to meaningfully review its decisions regarding the parties' petitions. It is possible here to determine which facts and findings apply to which factors, and unlike *Hart v. Hart*, 220 Ariz. 183, 186-87, ¶ 13 (App. 2009), this is not a case where a detailed weighing of the statutory factors "may have yielded a different outcome." Accordingly, it would serve no purpose to remand for further findings here because the court has already recited the findings on which its judgment is based.

¶16        Father nonetheless argues that the court's findings were unsupported by the record, in part because the court found Mother to be generally "credible" despite that Father pointed out instances in which she previously had recanted statements made to the police or otherwise provided false statements, and in part because Father provided controverting evidence, including evidence showing the CAA had concluded that at least some of Father's anger toward Mother was "justified." Read as a whole, Father's arguments constitute a request that we reweigh the evidence, something we will not do. *See O'Hair*, 109 Ariz.

---

[2]        Subsections (A)(1) through (A)(5) include: (1) "The past, present and potential future relationship between the parent and the child"; (2) "The interaction and interrelationship of the child with the child's parent or parents, the child's siblings and any other person who may significantly affect the child's best interest"; (3) "The child's adjustment to home, school and community"; (4) "If the child is of suitable age and maturity, the wishes of the child as to legal decision-making and parenting time"; and (5) "The mental and physical health of all individuals involved."

at 240. Further, we disagree with Father that the court abdicated its responsibility to use its independent judgment, in contravention of *In re Nold v. Nold*, 232 Ariz. 270, 273-74, ¶ 14 (App. 2013), and *DePasquale v. Superior Court (Thrasher)*, 181 Ariz. 333, 336 (App. 1995), by quoting the older child's counselor when making its findings.

¶17 Although the better practice would be to follow the general template provided by § 25-403, the superior court's findings here are adequate to provide a baseline on which Father (or Mother) might file a future petition for modification, and on which the court could assess the merits of such a petition. On this record, the court did not abuse its discretion when it denied Father's petition to enforce and granted Mother's petition to modify.

III.     Attorneys' Fees and Costs

¶18 Both parties request an award of attorneys' fees. Mother, however, is not represented by an attorney. Father requests fees under A.R.S. § 25-324, but neither side has been unreasonable in its positions on appeal and the parties appear to have relatively equivalent financial resources. Thus, in our discretion, we decline to award attorneys' fees on appeal to either party. We award taxable costs on appeal to Mother upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶19 The superior court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA

6