NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DANA BETH MICHAELS, *Petitioner/Appellant*,

*v.*

TODD DAVID SHIMO, *Respondent/Appellee*.

No. 1 CA-CV 21-0228 FC
FILED 2-10-2022

Appeal from the Superior Court in Maricopa County
No. FC2016-096105
The Honorable Suzanne Scheiner Marwil, Judge

**REMANDED**

APPEARANCES

Dana Beth Michaels, Chandler
*Petitioner/Appellant*

Todd David Shimo, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge David B. Gass and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1 Dana Michaels ("Mother") appeals the superior court's legal decision-making and parenting time order. For reasons that follow, we remand the matter for additional findings.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Mother and Todd Shimo ("Father") divorced by consent decree. The decree awarded both parents joint legal decision-making authority of their child, N.S., as well as equal parenting time.[1]

¶3 N.S. is a special needs child with a variety of mood disorders and has a history of aggression and physical violence towards her parents and her now adult sibling. Both parents have been in physical altercations with N.S. N.S. also has a history of threatening and inflicting self-harm.

¶4 After the divorce, Mother and Father continued to disagree about the appropriate treatment methods and schooling for N.S., and N.S. continued to have behavioral problems.

¶5 In December 2019, N.S. "punched [Mother] in the face" when Mother told N.S. to hand over her cell phone. Later the same month, N.S. and Father were involved in a physical altercation. Both suffered injuries. Mother, who did not witness the altercation, reported the incident to police and obtained an Order of Protection against Father. The state never prosecuted Father, the Arizona Department of Child Safety ("DCS") unsubstantiated the reports, and the court ultimately quashed Mother's Order of Protection.

---

[1] Although the consent decree also involved the parties' older child, that child is now an adult and is no longer subject to the orders.

**¶6** Both parents subsequently petitioned for sole legal decision-making authority, and Mother also sought designation as N.S.'s primary caretaker. Mother's petition alleged Father committed an act of domestic violence in the December 2019 incident. Although Mother's petition did not allege Father engaged in substance abuse, she raised the issue in two separate pretrial statements.

**¶7** Before trial, Mother filed a motion for a Limited Family Assessment citing several unsubstantiated DCS reports involving Father. The court denied the motion.

**¶8** Trial was initially scheduled for three hours on a single day. At trial the court needed to end early, and based upon the request of the parties, extended the trial into a second day. As the first day came to an end, the court allowed Father to cross-examine Mother before she finished direct examination. Mother objected, and the court informed Mother she would be given additional time during the second day of trial, which was held four-and-a-half months later. On the second day, the court again needed to end early, so the court did not give Mother the promised additional time nor was Mother able to cross-examine Father. Mother objected to the court ending the trial, and the court instructed the parties to submit written closing arguments in lieu of further testimony.

**¶9** Following trial, the court awarded joint legal decision-making authority, giving Father final authority after consultation with Mother, and designated Father as the primary caretaker. Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10** The superior court must determine legal decision-making and parenting time in accordance with the child's best interests. *See* A.R.S. §§ 25-403(A), -403.01(B). We review the court's rulings for abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**¶11** When considering the child's best interests, the superior court "must consider all relevant factors, including those enumerated in A.R.S. § 25-403(A)." *Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶ 18 (App. 2013). In contested legal decision-making or parenting time cases, "the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). Failure to make the required findings constitutes error. *See Reid v. Reid,* 222 Ariz. 204, 207, ¶ 12 (App. 2009); *Hurd v. Hurd,* 223 Ariz. 48, 51,

¶ 11 (App. 2009) (noting a court abuses its discretion when it fails to make findings required by the statute).

**¶12** Mother argues the court failed to make the required findings regarding domestic violence and substance abuse. We agree.

**¶13** Section 25-403(A)(8) and (B) require the court to consider and make a finding whether a parent engaged in domestic violence or child abuse under A.R.S. § 25-403.03. The court's ruling, though detailed and thorough with respect to other relevant best interests factors, does not include an express finding regarding domestic violence or child abuse. As to domestic violence, the court's order acknowledged that "[t]here are allegations of domestic violence," and then more specifically identified Mother's allegations. The court also stated DCS had reports, but that DCS was "unsure if anything ha[d] occurred," and that "DCS unsubstantiated these claims." But the court stopped short of making a finding as to whether domestic violence had, or had not, occurred.

**¶14** The lack of findings on the issue leaves the parties, as well as this court, without an adequate basis to assess the propriety of the best interests determination. *See Reid*, 222 Ariz. at 209-10, ¶¶ 18, 20.

**¶15** Additionally, the court was required to make findings regarding Father's alleged substance abuse. *See* A.R.S. § 25-403(B). Whenever "relevant to the child's physical and emotional well-being," the superior court must consider whether a parent has abused drugs or alcohol. *See* A.R.S. § 25-403(A). "If the court determines that a parent has abused drugs or alcohol . . . within twelve months before the petition or the request for legal decision-making or parenting time is filed, there is a rebuttable presumption that sole or joint legal decision-making by that parent is not in the child's best interests." A.R.S. § 25-403.04. Despite Mother's allegations that Father had abused substances within twelve months of Mother filing the petition to modify, and despite the court's own statement that it "must also consider . . . any substance abuse issues [under A.R.S. § 25-403.04]," the court did not make any express findings whether Father had abused drugs or alcohol. Instead, the court considered and issued findings regarding N.S.'s substance abuse.

**¶16** The court's failure to make the required findings regarding domestic violence and substance abuse is error. *See* A.R.S. § 25-403(B); *Nold v. Nold*, 232 Ariz. 270, 173, ¶ 11 (App. 2013).

4

¶17 Mother also contends her due process rights were violated because the court afforded her insufficient time to fully testify and cross-examine Father.

¶18 We review de novo Mother's claims that she was denied due process. *Savord v. Morton,* 235 Ariz. 256, 260, ¶ 16 (App. 2014). We will reverse a court's order based on due process errors only on a showing of prejudice. *Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014). To merit reversal, a party must show "they incurred some harm as a result of [a] court's time limitations." *Gamboa v. Metzler*, 223 Ariz. 399, 402, ¶ 17 (App. 2010) (alteration in original) (quoting *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91, ¶ 30 (App. 1998)).

¶19 Assuming *arguendo* the court erred, Mother has made no showing of prejudice because she does not identify what additional evidence she would have offered, and she does not explain how the absence of that evidence prejudiced her. *See id.* (rejecting appellant's argument that time limitations harmed him because he did not make an offer of proof stating with reasonable specificity what additional evidence would have shown). On this record, Mother was not prejudiced.

¶20 Lastly, Mother argues the court erred by denying her motion for a Limited Family Assessment. Under A.R.S. §§ 25-405(B) and -406(A), a court "*may*," but is not obligated to, seek the advice of a professional concerning legal decision-making and parenting time arrangements for a child or order an investigation and report concerning the same. (Emphasis added.) A court abuses its discretion if it "commits an error of law in reaching a discretionary decision or when the record does not support the court's decision." *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). The court did not abuse its discretion.

## CONCLUSION

¶21 We remand for the superior court to make express findings, in compliance with A.R.S. § 25-403(B), relative to allegations of Father's domestic violence and substance abuse. We express no opinion on whether or how such additional findings might affect the court's ultimate legal decision-making or parenting time determinations.

¶22 We note that the child is nearing her eighteenth birthday. To avoid undue disruption of the child's life, the court's legal decision-making and parenting time orders shall remain in place pending the resolution of these issues on remand. Upon the parties' request, and in the court's discretion, the court may, but is not required to, consider post-hearing

evidence relevant to the issues of domestic violence and substance abuse. *See* A.R.S. § 25-403(A).



AMY M. WOOD • Clerk of the Court
FILED:   AA